**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**WENDY J SMITH** **PLAINTIFF**

**v.** **Case No. 4:21-cv-00379-KGB**

**UNITED STATES POSTAL SERVICE** **DEFENDANT**

**ORDER**

Before the Court is defendant United States Postal Service's ("USPS") motion to dismiss (Dkt. No. 9). USPS asks the Court to dismiss plaintiff Wendy J. Smith's complaint for insufficient service of process and lack of personal jurisdiction (Dkt. No. 10, at 2–3). Ms. Smith opposes the motion (Dkt. No. 12). Though the Court determines that Ms. Smith insufficiently served process, for the following reasons, the Court denies USPS's motion to dismiss, extends by 7 days the time in which Ms. Smith must serve the summons and complaint to complete service consistent with the terms of this Order, and lifts the stay on the Rule 26(f) conference and report (Dkt. Nos. 9; 15).

## I. Factual Background

The Court draws the following facts from Ms. Smith's complaint and other filings "necessarily embraced by the pleadings" (Dkt. No. 1). *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

Ms. Smith filed a *pro se*[1] complaint on May 10, 2021, alleging that her former employer, USPS, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and Title II of the Civil Rights Act of 1964, 42 U.S.C § 2000a *et seq.* (*Id.*, at

[1] As of December 23, 2021, Ms. Smith is represented by counsel (Dkt. Nos. 6; 7).

4–5). Ms. Smith alleges that, while employed at the England, Arkansas, post office, USPS subjected her to discrimination in violation of the above-listed statutes following an on-the-job injury to her left knee (*Id.*, at 3–4).

Ms. Smith moved to extend time to serve USPS with a summons and copy of the complaint on October 5, 2021 (Dkt. No. 3). In her motion to extend time, Ms. Smith represented that she had served properly Postmaster General Louis DeJoy and Attorney General Merrick Garland, while inadvertently failing to serve properly the United States Attorney's Office Civil Process Clerk ("Civil Process Clerk") (*Id.*, at 1). She requested an additional 14 days to serve the Civil Process Clerk (*Id.*). The Court granted that request on October 18, 2021, and gave Ms. Smith up to and including November 1, 2021, to serve the Civil Process Clerk (Dkt. No. 4). On November 4, 2021, Ms. Smith provided proof to the Court that she served, by certified mail, the Civil Process Clerk located at 555 Fourth Street N.W. Washington. D.C. 20530 on October 26, 2021 (Dkt. No. 5).

USPS filed the instant motion to dismiss on December 28, 2021, arguing that "[a]s defendant does not have the summons, the office or agency to whom it was addressed is unknown to defendant" (Dkt. Nos. 9; 10, at 2). USPS now asks this Court to dismiss Ms. Smith's complaint for insufficient service of process and lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(5). Ms. Smith responds in opposition to USPS's motion to dismiss, arguing that the Federal Rule of Civil Procedure governing service of process in this context, Rule 4(i)(1)(A)(ii), is sufficiently unspecific to conclude that Ms. Smith improperly served the Civil Process Clerk or, in the alternative, requesting a short extension of time to complete service (Dkt. No. 12, at 2–3).

## II. Legal Standard: Insufficient Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss the case by challenging the delivery method of a summons and complaint. Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444–445 (1946). Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, (1987). When the service of process is contested by the defendant, the plaintiff has the burden to prove proper service. *Woolbright v. Tankinetics, Inc.*, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013).

The Federal Rules of Civil Procedure do not provide for service of an individual within the United States by certified mail, but Federal Rule of Civil Procedure 4(e)(1) does permit service pursuant to the rules of the state where the district court is located or where service is made. The Arkansas Rules of Civil Procedure permit service by certified mail delivered to an authorized agent of a corporation under specific circumstances. Ark. R. Civ. P. 4(g)(1)(A)(i). However, Arkansas law does not provide for a party to serve a defendant simply by leaving a copy of the summons at the officer's or agent's place of employment. *Dintelman v. Chicot City, Mem'l Hosp.*, Case No. 5:07-cv-00196, 2011 WL 1288482, at *4 (E.D. Ark. Mar. 31, 2011) (holding service of process insufficient where it was served at a defendant's workplace, but he was not present, and neither was a registered agent).

Under Arkansas law, for service of process by mail to be valid, the complaint and summons must be sent as "certified mail addressed to the person to be served with return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(g)(1)(A)(i). The addressee must be a natural person specified by name, and the agent of the

addressee must be authorized in accordance with United States Postal Service regulations. *Id.* However, "service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested." *Id.*

In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (Ark. 2003). Under Arkansas law, "[a]ctual knowledge of a proceeding does not validate defective process." *Wilburn v. Keenan Cos.*, 768 S.W.2d 531, 532 (Ark. 1989). Other courts have noted that service of process by mail can be problematic and that service by mail must still meet the requirements of the law. *See Duquette v. Pac-Perl, LLC*, No. 3:13–CV–03067, 2014 WL 6908007, at *2 (W.D. Ark. Dec. 8, 2014) (noting that "problems with the United States Postal Service . . . do not suffice to overcome the formal requirements for service of process.").

**III. Analysis**

USPS argues that Federal Rule of Civil Procedure 12(b)(5) entitles it to the dismissal of Ms. Smith's claim because Ms. Smith failed to serve it properly (Dkt. No. 10, at 1). USPS points to Federal Rules of Civil Procedure 4(m) and 4(i)(1)(A) as justification for its position (*Id.*, at 1–3).

Rule 4(m) provides that a defendant must be served within 90 days after the complaint is filed. If a plaintiff fails to serve the complaint within that time period, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also contains a provision whereby a plaintiff may show good cause for her failure to serve timely and the Court is required to "extend the time for service for an appropriate period."

Rule 4(i) governs service of the United States, its agencies, corporations, officers, or employees. The provision at issue here, Rule 4(i)(1)(A), states:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) *United States.* To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office

Fed. R. Civ. P. 4(i)(1)(A).

Ms. Smith read Rule 4(i)(1)(A) to state that she could satisfy subsection (ii) by serving the civil process clerk in Washington, D.C. (Dkt. No. 12, at 2–3). She argues that she satisfied Rule 4(i)(1)(A)(ii) by serving "the civil process clerk at the United States Attorneys Office in DC, not the local one . . . ." (*Id.*, at 2). Ms. Smith maintains that "it is not immediately clear that the United States Attorneys Offices do not communicate with each other or that service . . . [has to] be made [at] a particular office" (*Id.*). She maintains that service is "arguably . . . proper" because Rule 4(i)(1)(A)(ii) "does not specify which attorney's office to serve [and does not state that a plaintiff must serve] the office 'in the district where the action is brought.'" (*Id.*, at 3). USPS disagrees, arguing that Ms. Smith "was aware she was required to serve the U.S. Attorney in this district, and that the U.S. Attorney's office is located in Little Rock" (Dkt. No. 10, at 2). The Court agrees with the USPS and finds unconvincing Ms. Smith's contention (Dkt. No. 12, at 4).

"The language of Rule 4(i)(1)(A)(i) clarifies that clause (A) is concerned with ensuring that the local U.S. Attorney's office receives the summons and complaint, and subdivision (ii) merely allows for service by mail to the civil-process clerk at that office rather than requiring hand delivery to the U.S. Attorney." *Ploetz v. United States*, Case No. CIV. 10-3017 RHK FLN, 2011 WL 743062, at *1 (D. Minn. Feb. 23, 2011). Here, Ms. Smith did not serve the U.S. Attorney for this district; she served a civil process clerk in Washington, D.C. (Dkt. No. 5). In short, she has not satisfied the requirements of Rule 4(i) for serving the United States. *Id.*

Given that Ms. Smith has not served properly USPS and that the deadline for doing so has passed, this action must either be dismissed without prejudice or Ms. Smith must be ordered to complete service within a specified time. Fed. R. Civ. P. 4(m). "Whether to dismiss an action for untimely service or to provide an extension of time to perfect service is within the court's discretion." *Ziegler v. U.S. Dep't of Transp.*, Case No. 16-CV-3824 (JNE/SER), 2018 WL 5067374, at *2 (D. Minn. Sept. 18, 2018) (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Ms. Smith contends that, should the Court reach the conclusion it has, there is good cause for her service error, citing the complexity of Rule 4(i) (Dkt. No. 12, at 3). She requests seven additional days to cure her service deficiency (*Id.*).

As Ms. Smith was proceeding *pro se* at the time of service, the Court finds good cause for Ms. Smith's service error. Rather than impact the resolution of Ms. Smith's claim by dismissing the action without prejudice, the Court grants Ms. Smith an additional 7 days from the entry of this Order, up to and including September 7, 2022, to serve either the United States Attorney for the Eastern District of Arkansas or the Civil Process Clerk for

this district in accord with the Federal Rules of Civil Procedure. Fed R. Civ. P. 4(i)(1)(A). Accordingly, the Court in its discretion, denies USPS's motion to dismiss (Dkt. No. 9). *See generally Ziegler*, 2018 WL 5067374, at *2 (citing *Adams*, 74 F.3d at 887).

**IV. Conclusion**

For the forgoing reasons, the Court denies USPS's motion to dismiss (Dkt. No. 9). Ms. Smith shall have an additional 7 days, up to and including September 7, 2022, to serve either the United States Attorney for the Eastern District of Arkansas or the Civil Process Clerk for this district in accord with the Federal Rules of Civil Procedure.

Given the Court's denial of the USPS's motion to dismiss, the Court lifts the stay previously imposed on the Rule 26(f) conference and Rule 26(f) report deadlines (Dkt. No. 15). The Court will issue an amended Initial Scheduling Order that sets a revised deadline for submitting the Rule 26(f) report and that proposes a new trial date and pretrial deadlines.

It is so ordered this 31st day of August, 2022.

Kristine G. Baker
United States District Judge