IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WENDY J. SMITH**                                                                                   **PLAINTIFF**

v.                                      Case No. 4:21-cv-00379-KGB

**UNITED STATES POSTAL SERVICE**                                          **DEFENDANT**

**ORDER**

Before the Court is defendant United States Postal Service's ("USPS") motion to dismiss count V and count VI of plaintiff's complaint for failure to exhaust administrative remedies (Dkt. No. 34). Plaintiff Wendy J. Smith responded in opposition to the motion, and USPS filed a reply (Dkt. Nos. 36; 38). For the following reasons, the Court denies the motion to dismiss (Dkt. No. 34).

**I.      Background**

The Court draws the following facts from Ms. Smith's complaint and from the exhibits to the parties' briefs regarding the motion to dismiss (Dkt. Nos. 1; 35; 37).

Ms. Smith brings four claims against USPS: (1) violation of Title VII of the Civil Rights Act of 1964 based on age (labeled "Count I"), (2) violation of the Americans with Disabilities Act of 1990 based on disability (labeled "Count III"), (3) violation of the Rehabilitation Act of 1973 based on a hostile work environment (labeled "Count V"), and (4) violation of Title II of the Civil Rights Act of 1964 based on reprisal (labeled "Count VI") (Dkt. No. 1, ¶¶ 18-34).[1] On or about November 17, 2017, Ms. Smith was hired by USPS (*Id.*, ¶ 9). On January 8, 2018, Ms. Smith tore

---

[1] The Court notes the non-sequential numbering used by Ms. Smith in her complaint and throughout the parties' briefs. The Court uses this non-sequential numbering throughout this Order as well.

the meniscus in her left knee while on the job (*Id.*, ¶ 12). On January 29, 2018, Ms. Smith was issued a termination letter (*Id.*, ¶ 12).

Ms. Smith filed an informal Equal Employment Opportunity ("EEO") complaint in response to her termination (Dkt. No. 35-4). On the informal complaint form, Ms. Smith checked only the box for discrimination based on physical disability related to her left knee (*Id.*, at 1). On April 30, 2018, Ms. Smith received a letter stating that informal resolution of the complaint was unsuccessful and notifying her of her right to file a formal EEO complaint (Dkt. No. 35-5, at 1). Ms. Smith filed her formal EEO complaint on May 14, 2018 (Dkt. No. 35-6). On the formal complaint form, Ms. Smith checked only the boxes for discrimination based on age and for discrimination based on disability related to her injured knee (*Id.*, at 1). However, she submitted a handwritten statement that outlined her allegations in more detail (Dkt. Nos. 35-6). On May 30, 2018, USPS accepted the complaint for investigation, noting that Ms. Smith's complaint "alleged discrimination based [on] Age . . . and Disability (Knee)" (Dkt. No. 35-7, at 1). Ms. Smith submitted an affidavit in further support of her claim which also described her allegations in greater detail (Dkt. No. 37-1, at 6-12). On January 27, 2021, an Administrative Judge entered judgment in favor of USPS (Dkt. No. 35-9).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a complaint for lack of subject matter jurisdiction. The burden of proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). For a court to dismiss a claim under Rule 12(b)(1), the opposing party must successfully challenge the claim on its face or the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A facial attack restricts a court to review the face of the pleadings to determine

whether the plaintiff has alleged a basis of subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

Facial attacks under Rule 12(b)(1) are subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Factual attacks, however, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings—such as testimony and affidavits—are considered. *Osborn, 918 F.2d* at 729.

### III.  Discussion

USPS argues that Ms. Smith's claims of hostile work environment (Count V) and reprisal for protected EEO activity (Count VI) must be dismissed. USPS maintains that, although Ms. Smith's complaint asserts that she exhausted her administrative remedies, Ms. Smith in fact did not exhaust her administrative remedies for these claims, and the Court therefore lacks subject matter jurisdiction over them (Dkt. No. 35, at 1). Ms. Smith contends that the allegations of her informal complaint are broad enough to encompass hostile work environment and reprisal for protected EEO activity claims (Dkt. Nos. 36, 37).

A federal employee must exhaust administrative remedies as a precondition to filing an employment discrimination lawsuit in federal district court. *Miller v. Runyon*, 32 F.3d 386, 389 (8th Cir.1994) (citing *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976)). "'A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.'" *Briley v. Carlin*, 172 F.3d 567, 572 (8th Cir. 1999) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). The Court does "'not require that subsequently-filed lawsuits mirror the administrative charges' as long as 'the sweep of any subsequent judicial

3

complaint' is no broader than 'the scope of the EEOC investigation which could reasonably be expected to grow out of the charge' filed in the EEOC complaint." *Wedow v. City of Kansas City*, 442 F.3d 661, 674 (8th Cir. 2006) (quoting *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004) (abrogated on other grounds)).  The plaintiff's allegations must be sufficient to put the employer on notice of the conduct complained of and the general basis of the claim. *Fair v. Norris*, 480 F.3d 865, 866 n.2 (8th Cir. 2007).  "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

Ms. Smith's formal complaint lists claims for discrimination based only on age and disability (Dkt. No. 35-6, at 1), but her handwritten statement in support of her formal complaint is broad enough to encompass a retaliation claim insofar as she alleges that she asked about "limited duty" but was "shut down" before being terminated (*Id.*, at 2).  Additionally, Ms. Smith raises factual allegations in her EEO investigation affidavit that, when accepted as true, support hostile work environment and retaliation claims.  Specifically, Ms. Smith avers in the affidavit that she raised returning to work on limited duty with her supervisor, but that her request was rejected and further requests discouraged, and that she was terminated shortly thereafter (Dkt. No. 37-1, at 6-12).  The EEO Alternative Dispute Resolution Specialist's summary of inquiry is also broad enough to encompass a retaliation claim in at least two respects.  First, it acknowledges that Ms. Smith's supervisor followed Ms. Smith asking about her knee injury and that "they laughed about it" (Dkt. No. 35-4, at 3).  Second, it acknowledges that Ms. Smith presented a return-to-work form from her doctor to her supervisor on January 26, 2018, but was nevertheless terminated on January 29, 2018 (*Id.*).

Taken together, Ms. Smith's allegations were sufficient to put USPS on notice of the conduct complained of and the general basis of the claims. *Fair*, 480 F.3d at 866 n.2. For these reasons, the Court denies USPS's motion to dismiss.

**IV.    Conclusion**

For the foregoing reasons, the Court denies USPS's motion to dismiss counts V and VI of Ms. Smith's complaint (Dkt. No. 34).

It is so ordered this 13th day of September, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge